IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DORRIAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-663-WKW |
| | ) | [WO] |
| SPECIALTY RISK SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Although there is no challenge to subject matter jurisdiction, "jurisdiction cannot be created by consent." *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ*, 663 F.3d 1304, 1304 (11th Cir. 2011). Courts are obligated to raise concerns about subject matter jurisdiction *sua sponte*. *See id.* at 1305.

The Complaint predicates subject matter jurisdiction on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. It alleges that Plaintiff Dorrian Johnson is a "resident of Florida" and that Defendant Special Risk Services, LLC, "is organized under the laws of the state of Tennessee," with its principal place of business also in Tennessee. (Compl. ¶¶ 1–2.) These are insufficient allegations of subject matter jurisdiction, notwithstanding Defendant's admissions to paragraphs one and two of the Complaint. (Compl. ¶¶ 1–2.)

"Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  Also, "a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Mallory*, 663 F.3d at 1305 (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).  To plead the citizenship of a limited liability company, therefore, a plaintiff must "list the citizenships of all the members of the limited liability company. . . .'" *Id.* (quoting *Rolling Greens*, 374 F.3d at 1022).

Based on the foregoing, on or before **December 7, 2012**, Plaintiff is DIRECTED to file an Amended Complaint that cures the deficient jurisdictional allegations pertaining to the citizenship of the parties.  *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  Alternatively, should Plaintiff face an insurmountable hurdle in pleading Defendant's citizenship, Plaintiff is granted leave to file a motion on or before **December 7, 2012**, to conduct limited jurisdictional discovery on the issue of § 1332 citizenship.

DONE this 29th day of November, 2012.

                                              /s/ W. Keith Watkins  
                                     CHIEF UNITED STATES DISTRICT JUDGE